IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RIO GRANDE FOUNDATION** and
**ILLINOIS OPPORTUNITY PROJECT**,

        Plaintiffs,

vs.                                                   CIVIL NO. 1:19-cv-01174-LF-JFR

**MAGGIE TOULOUSE OLIVER**,
in her official capacity as Secretary of
State of New Mexico,

        Defendant.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a telephonic meeting was held on Tuesday, February 4, 2020, and was attended by Daniel R. Suhr, Liberty Justice Center, for Plaintiffs, and Nicholas Sydow and Neil Bell, Office of the Attorney General, for Defendant.

## NATURE OF THE CASE

This is a pre-enforcement civil action challenging the claimed deprivation of constitutional rights brought under 42 U.S.C. § 1983 by two non-profit organizations against Maggie Toulouse Oliver in her official capacity as Secretary of State of New Mexico. Plaintiffs challenge the constitutionality of the Campaign Reporting Act's, N.M. Stat. Ann. §§ 1-19-25 to -36, registration and reporting requirements that Secretary Toulouse Oliver administers and enforces.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiffs intend to file an amended complaint no later than February 14, 2020, which is 21 days after the Defendant filed their answer. *See* Fed. R. Civ. P. 15(a)(1)(B). Defendant will then have 14 days to file an amended answer. *See* Fed. R. Civ. P. 15(a)(3). Neither party intends to join additional parties or anticipates further pleading beyond the first amended complaint. However,

*Version 3: December 2009*

Defendant anticipates that Plaintiffs in *Republican Party of N.M., et al v. Balderas, et al*, Civ. No. 1:11-cv-00900-WJ-KBM, may seek to intervene in or consolidate or seek designation as related a separate action with this lawsuit. Plaintiffs in the *Republican Party* litigation currently are seeking to amend their complaint to add claims challenging the constitutionality of the same bill (Senate Bill 3 (2019)) that changed the Campaign Reporting Act's registration and reporting requirements. Defendant (who is also a party to that case) maintains that both constitutional challenges to this law should be brought in a single action. This issue is the subject of a pending motion to amend in the *Republican Party* case.

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter of this action.

The parties are willing to further stipulate to the following facts:

1. Rio Grande Foundation is registered as a Domestic Nonprofit Corporation with the Secretary of State of New Mexico.

2. Maggie Toulouse Oliver is the elected Secretary of State of New Mexico. She may adopt and promulgate rules and regulations to implement the Campaign Reporting Act.

3. The New Mexico Legislature passed and the Governor signed Senate Bill 3 (2019) into law in April 2019.

4. If an entity is required under the Campaign Reporting Act to submit an expenditure report and does so, then Secretary Toulouse Oliver will post the report to its website. *See* N.M. Stat. Ann. § 1-19-32(C). The information required to be contained in those reports is determined by the Campaign Reporting Act and regulations promulgated thereunder.

5. New Mexico is holding a general election on November 3, 2020, and races for State Senators and State Representatives will be on the ballot.

6. The November 3, 2020 ballot in New Mexico will also include a constitutional amendment in the form of a referendum vote to make the Public Regulation Commission an appointed rather than an elected body.

The parties further stipulate and agree that the law governing this case is the First Amendment to the U.S. Constitution, as incorporated against the State of New Mexico by the Fourteenth Amendment, and the New Mexico Campaign Reporting Act, including regulations promulgated thereunder. The parties anticipate briefing cases concerning the U.S. Supreme Court's doctrines on freedom of speech, freedom of association, and campaign finance.

### PLAINTIFFS' CONTENTIONS:

Plaintiffs contend that the statutes and rules administered by the Defendant violate the First Amendment's guarantees of freedom of speech and association by compelling disclosure of their identities (count II) and the identities of their supporters (count I). Specifically, Plaintiffs believe that their planned issue advocacy is protected by the U.S. Supreme Court's decisions in *McIntyre v. Ohio Election Commission*, 514 U.S. 334 (1995) (Count II), and *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958) (Count I), and other cases based on those seminal decisions.

### DEFENDANT'S CONTENTIONS

Plaintiffs are not entitled to any relief because they have not suffered any injury to their constitutional rights. Defendant also asserts the following affirmative defenses:

- Plaintiffs have failed to state a claim upon which relief may be granted, including without limitation, for a declaratory judgment or injunctive relief;
- Plaintiffs have failed to state a claim upon which attorney's fees may be granted;
- Plaintiffs lack standing, including because they have not suffered an injury in fact;

- Plaintiffs' requests for declaratory judgment and injunctive relief are unenforceably vague; and

- Plaintiffs' claims may be barred by the preclusive effect of prior litigation, including the recent judgment in *Rio Grande Foundation v. City of Santa Fe*, No. 1:17-cv-768-JCH-CG (D.N.M.).

**PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

At this time, neither party can identify specific documents it believes will be exhibits at trial.

At this time, neither party can identify any witnesses, including experts, it believes will testify at trial.

The parties believe that this case requires limited discovery that can be conducted in a reasonably short timeframe. After such discovery, the parties believe that the case likely will be able to be resolved on cross-motions for summary judgment or other dispositive motions.

Discovery will be needed on the following subjects:

- The organization, purpose, and activity of Plaintiffs.

- The impact of the State's policies requiring donor disclosure for independent expenditure committees on Plaintiffs' organizations, their supporters, and other similar organizations.

- The purpose of the Campaign Reporting Act, the history of its passage and amendment, and the reasoning undergirding its adoption.

The parties do not foreclose that discovery on additional subjects may be necessary.

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 20 requests for admission by each party to any other party.  (Response due 30 days after service).

Maximum of 5 depositions by Plaintiff(s) and 5 by Defendant(s).

Each deposition limited to maximum of 4 hours unless extended by agreement of parties. Plaintiffs propose the following schedule:

After written discovery is completed, parties may determine that a single expert report for each is necessary to support their arguments as to the impact of disclosure on organizations and donors.

All non-expert discovery commenced in time to be complete by May 1, 2020.  Experts, if any, must be disclosed by May 15, 2020.  If neither party discloses experts by that date, then the parties may stipulate to a schedule for summary judgment.

Defendant proposes the following schedule:

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by _120 days of the order adopting this schedule_____

from Defendant(s) by _150 days of the order adopting this schedule_____

Supplementation under Rule 26(e) due _within 10 days of when new information is acquired___ *(set time(s) or interval(s))*.

All discovery commenced in time to be complete by within 180 days from the date of the order adopting this schedule.

**PRETRIAL MOTIONS**

Plaintiffs intend to engage in issue advocacy that the State's policies would define as independent expenditures starting on September 4, 2020 (60 days prior to the election on

*Version 3: December 2009*

November 3, 2020). In order to complete its pre-enforcement challenge, Plaintiffs desire resolution of their case at the district court by this date.

At the conclusion of discovery, Plaintiffs intend to suggest a briefing schedule on cross-motions for summary judgment that provides the Court with time to ensure resolution in advance of September 4, 2020.  If discovery is extended such that this timeline becomes impracticable, Plaintiffs reserve the right to seek a preliminary injunction in time for their advocacy in advance of the 2020 election.

Defendant intends to file a motion for summary judgment at the close of discovery. Defendant believes that discovery can be conducted on a reasonably short track, but the timing of discovery deadlines and the possibility of resolving the case before the 2020 election depends on the scheduling and coordination of this case with other constitutional challenges to the Campaign Reporting Act's registration and reporting requirements and the unforeseen scope of expert and other discovery.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 3 days.

__X__ This is a non-jury case.

____ This is a jury case.

The parties request a pretrial conference in the event the case is not resolved on the parties' intended motions for summary judgment.

## SETTLEMENT

The possibility of settlement in this case is considered unlikely.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

See above discussion of the parties' proposed timelines for completing discovery and submitting dispositive motions.

<div style="margin-left: 50%;">

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

\_\_\_\_\_Approved via email 2-11-20 by Daniel Suhr\_\_
For Plaintiffs

\_\_\_/s/ Nicholas M. Sydow_____
For Defendant

</div>

## **CERTIFICATE OF SERVICE**

I certify that on February 11, 2020, I served the foregoing on counsel of record for all parties via the CM/ECF system.

                                                      /s/ Nicholas M. Sydow
                                                      Nicholas M. Sydow