## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**RIO GRANDE FOUNDATION and
ILLINOIS OPPORTUNITY PROJECT,**

       **Plaintiffs,**

**v.**                              **Case No: 1:19-cv-1174-JAP-JFR**

**MAGGIE TOULOUSE OLIVER, in her
official capacity as Secretary of State
of New Mexico,**

       **Defendant.**

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Maggie Toulouse Oliver, in her official capacity as New Mexico Secretary of State, files her answer and affirmative defenses to Plaintiffs' First Amended Complaint, as follows:

## INTRODUCTION

1. The case cited in Paragraph 1 speaks for itself. Defendant denies Plaintiffs' characterization of the cited case.

2. The case cited in Paragraph 2 speaks for itself. Defendant denies Plaintiffs' characterization of the cited case.

3.     The case cited in Paragraph 3 speaks for itself. Defendant admits that a principle of separation of powers exists in the New Mexico Constitution but otherwise denies Plaintiffs' characterization of the cited case.

4.     Defendant admits that the Secretary of State "may adopt and promulgate rules and regulations to implement the provisions of the Campaign Reporting Act," N.M. Stat. Ann. §§ 1-19-25 to -36, including as amended by Senate Bill 3 (2019). N.M. Stat. Ann. § 1-19-26.2. Senate Bill 3 and New Mexico Administrative Code 1.10.13 speak for themselves, and Defendant denies Plaintiffs' characterization of the bill and rule. Defendant denies any remaining allegations in Paragraph 4.

5.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 5 concerning Plaintiffs' intended activities. N.M. Stat. Ann. §§ 1-19-26.4 and 1-19.27.3, and 1.10.13.31 NMRA set forth the disclosure and reporting requirements for persons making independent expenditures. Defendant is without knowledge or information sufficient to determine whether Plaintiffs' intended activities would require registration, reporting, and disclosure under the Campaign Reporting Act. Defendant denies that all independent expenditures require registration, reporting, and disclosure.

6.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 6 concerning Plaintiffs' purpose in bringing this action. The remainder of Paragraph 6 consists of a summary of Plaintiffs' complaint to which no response is required.

## PARTIES

7.    Defendant admits that Rio Grande Foundation is registered as a Domestic Nonprofit Corporation with the Secretary of State (with a registered principal place of business in Albuquerque, not Santa Fe). Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 7.

8.    Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 8.

9.    Defendant admits the allegations in Paragraph 9.

## JURISDICTION AND VENUE

10.    Defendant denies that Plaintiffs have stated a claim under the cited Constitutional and statutory provisions. Defendant admits that the Court has jurisdiction under the cited provisions over Counts I and II, if Plaintiffs have standing to bring to bring them. Defendant denies that the Court has jurisdiction over Count III, including any supplemental jurisdiction under 28 U.S.C. § 1367.

11.    Defendant admits that venue is proper in this Court under 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

12.    Defendant admits that in March 2017, the New Mexico Legislature passed Senate Bill 96 (2017) and that the bill was vetoed by Governor Martinez on April 7, 2017. Both Senate Bill 96 (2017) and the Governor's message concerning her veto speak for

themselves. Defendant denies any remaining characterizations or allegations in Paragraph 12.

13.     Defendant admits that the Secretary of State issued a press release concerning the 2017 Legislative Session including Governor Martinez's vetoes of several election law bills. The press release speaks for itself. Defendant denies any remaining characterizations or allegations in Paragraph 13.

14.     Defendant admits that the Secretary of State adopted a version of 1.10.13 NMAC that went into effect on October 10, 2017. Defendant denies that this is the operative version of 1.10.13, which was amended again in 2019. The Secretary of State's press release concerning the 2017 rule speaks for itself. Defendant denies the remaining allegations in Paragraph 14.

15.     N.M. Admin. Code 1.10.13.7(Q)(3)(c) speaks for itself. Defendant denies Plaintiffs' characterizations of the rule and any remaining allegations in Paragraph 15.

16.     N.M. Admin Code 1.10.13.11(D)(2) and 1.10.13.15(E) speak for themselves. Defendant notes that Plaintiffs' description of 1.10.13.11(D) relies on a prior version of the rule and that the current rule triggers disclosure requirements upon expenditures of more than $9,000 in a statewide election or ballot question. Defendant denies Plaintiffs' characterizations of the rule and any remaining allegations in Paragraph 16.

17.     Defendant admits that the New Mexico Legislature passed and the Governor signed Senate Bill 3 (2019).[1] Senate Bill 3, including its amendments to N.M. Stat. Ann. § 1-19-26, speaks for itself. Defendant denies Plaintiffs' characterization of the effects of Senate Bill 3 and any remaining allegations in Paragraph 17.

18.     Defendant admits that Senate Bill 3 (2019) became effective July 1, 2019. Defendant denies that the Secretary of State has not promulgated rules to implement Senate Bill 3. The Secretary adopted such a rule on October 16, 2019, which went into effect on October 29, 2019.

19.     N.M. Stat. Ann. § 1-19-26.1(C) speaks for itself. Defendant is without knowledge or information sufficient to admit or deny any allegations in Paragraph 19 concerning Plaintiffs' proposed activities. Defendant denies Plaintiffs' characterizations of N.M. Stat. Ann. § 1-19.26.1(C).

20.     N.M. Stat. Ann. § 1-19-27.3(C) speaks for itself. Defendant is without knowledge or information sufficient to admit or deny any allegations in Paragraph 20 concerning Plaintiffs' proposed activities. Defendant denies Plaintiffs' characterizations of N.M. Stat. Ann. § 1-19.27.3(C).

21.     N.M. Stat. Ann. § 1-19-27.3(D)(2) speaks for itself. Defendant denies Plaintiffs' characterizations of N.M. Stat. Ann. § 1-19.27.3(D)(2).

22.     Defendant admits that if an entity is required under the Campaign Reporting Act to submit an expenditure report and does so, then the Secretary of State's

_____

[1] The bill was signed into law in April, not March, 2019.

Office will post the report to its website. *See* N.M. Stat. Ann. § 1-19-32(C). The information required to be contained in those reports is determined by the Campaign Reporting Act and regulations promulgated thereunder. Defendant denies any remaining allegations in Paragraph 22.

23.     N.M. Stat. Ann. § 1-19-26.4 speaks for itself. Defendant denies Plaintiffs' characterizations of N.M. Stat. Ann. § 1-19.26.4.

24.     Defendant admits that New Mexico is holding a general election on November 3, 2020 and that races for State Senators and State Representatives will be on the ballot. Defendant is without knowledge or information sufficient to admit or deny which incumbents who voted on Senate Bill 3 will be on the 2020 general election ballot. Defendant admits that in the 2020 general election a constitutional amendment will be presented to the voters in the form of a referendum vote to make the Public Regulation Commission an appointed rather than an elected body. The Public Regulation Commission's duties are set forth in Article XI, Section 2 of the New Mexico Constitution and speak for themselves. Defendant denies any remaining allegations in Paragraph 24.

25.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 25.

26.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 26.

27.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 27.

28.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 28.

29.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 29.

30.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 30.

31.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 31. Defendant denies any implication that protests, boycotts, or other protected First Amendment speech justify an exception to disclosure requirements.

32.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 32.

33.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 33 concerning Plaintiffs' intended future activities. N.M. Stat. Ann. §§ 1-19-34.6(B) & 1-19-36 and 1.10.13.15(E) NMAC speak for themselves. Paragraph 33 also contains an incomplete hypothetical regarding possible future activity to which no response is required.

34.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 34 concerning the purpose of Plaintiffs' action or their intended future activities. The cited case speaks for itself. Paragraph 34 also contains an

incomplete hypothetical regarding possible future activity to which no response is required.

35.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 35. Defendant denies any implication that Senate Bill 3 will force Plaintiffs to silence their speech.

36.     Defendant denies that Plaintiffs have suffered an injury and therefore, that Plaintiffs are lacking a remedy in law.

### COUNT I: By requiring Plaintiffs to disclose their members and supporters, Oliver violates the First and Fourteenth Amendments[2]

37.     Defendant denies the heading preceding Paragraph 37. Defendant incorporates her responses to each of the foregoing paragraphs, as set forth above.

38.     The cases cited in Paragraph 38 speak for themselves and should be read and interpreted in their entirety. Defendant admits that the First Amendment is incorporated against the States pursuant to the Fourteenth Amendment. Defendant denies that Senate Bill 3 or 1.10.13 NMAC violates the First Amendment, including as a result of their disclosure requirements. Defendant denies any remaining allegations in Paragraph 38.

39.     The cases cited in Paragraph 39 speak for themselves and should be read and interpreted in their entirety. Defendant denies that Senate Bill 3 or 1.10.13 NMAC

---

[2] Defendant includes Plaintiffs' headings for ease of organizational reference. Defendant denies the allegations contained in these headings and does not endorse or admit the argument contained therein.

cannot meet any applicable standards of constitutional scrutiny. Defendant denies that Senate Bill 3 or 1.10.13 NMAC operates as a membership-disclosure regulation or that the cited cases are relevant to this action. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 39 concerning Plaintiffs' history of illicit conduct or embrace of unlawful means and ends. Defendant denies any remaining allegations in Paragraph 39.

40.     Defendant denies the allegations contained in Paragraph 40.

**COUNT II: By requiring Plaintiffs to register and disclose their sponsorship of issue advocacy, Oliver violates the First and Fourteenth Amendments.**

41.     Defendant denies the heading preceding Paragraph 41. Defendant incorporates her responses to each of the foregoing paragraphs, as set forth above.

42.     The cases cited in Paragraph 42 speak for themselves and should be read and interpreted in their entirety. Defendant admits that the First Amendment is incorporated against the States pursuant to the Fourteenth Amendment. Defendant denies that Senate Bill 3 or 1.10.13 NMAC violates the First Amendment, including as a result of their registration and disclosure requirements. Defendant denies any remaining allegations in Paragraph 42.

43.     The case cited in Paragraph 43 speaks for itself and should be read and interpreted in its entirety. Defendant denies the remaining allegations in Paragraph 43.

44.     Defendant denies the allegations contained in Paragraph 44.

## COUNT III: The Rule is ultra vires because Oliver
## acted beyond her constitutional authority to promulgate it.

45.     Defendant denies the heading preceding Paragraph 45. Defendant incorporates her responses to each of the foregoing paragraphs, as set forth above.

46.     Defendant denies the allegations in Paragraph 46.

47.     The case cited in Paragraph 47 speaks for itself and should be read and interpreted in its entirety. Defendant denies the remaining allegations in Paragraph 47.

48.     The cases cited in Paragraph 48 speak for themselves and should be read and interpreted in their entirety. Defendant denies the remaining allegations in Paragraph 48.

49.     Defendant denies the allegations in Paragraph 49.

50.     Defendant denies the allegations in Paragraph 50.

### PRAYER FOR RELIEF

Defendant denies the allegations in Plaintiffs' "Prayer for Relief" Paragraph, including that Plaintiffs are entitled to the requested relief.

### AFFIRMATIVE DEFENSES

1.     Plaintiffs have failed to state a claim upon which relief may be granted, including without limitation, for a declaratory judgment or injunctive relief.

2.     Plaintiffs have failed to state a claim upon which attorney's fees may be granted.

3.      Plaintiffs lack standing, including because they have not suffered an injury in fact or an injury that is redressable by the Court's actions.

4.      Plaintiffs' requests for declaratory judgment and injunctive relief are unenforceably vague.

5.      Plaintiffs' claims may be barred by the preclusive effect of prior litigation, including the pending judgment in *Rio Grande Foundation v. City of Santa Fe*, No. 1:17-cv-768-JCH-CG (D.N.M.).

6.      Plaintiffs' claim challenging 1.10.13 NMAC as ultra vires rulemaking is barred by Eleventh Amendment immunity.

7.      Plaintiffs' claim challenging 1.10.13 NMAC as ultra vires is moot as a result of subsequent rulemaking following Senate Bill 3 (2019).

8.      The Court lacks supplemental jurisdiction over Plaintiffs' state-law claim challenging 1.10.13 NMAC as ultra vires.

9.      Defendant reserves the right to amend or supplement this Answer and affirmative defenses as discovery and litigation progresses.

WHEREFORE, Defendant requests a judgment that Plaintiffs are not entitled to any of the relief sought, including a declaratory judgment, injunctive relief, or attorney's fees.

By: /s/ Nicholas M. Sydow
Nicholas M. Sydow
Civil Appellate Chief
201 Third Street NW, Suite 300
Albuquerque, NM  87102
Tel.: (505) 717-3571
Fax: (505) 490-4881
nsydow@nmag.gov

*Attorney for Defendant Secretary of State Maggie Toulouse Oliver*

## CERTIFICATE OF SERVICE

I certify that on February 28, 2020, I served the foregoing on counsel of record for all parties via the CM/ECF system.

/s/ Nicholas M. Sydow
Nicholas M. Sydow