IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RIO GRANDE FOUNDATION and
ILLINOIS OPPORTUNITY PROJECT,

       Plaintiffs,

v.                                      Case No: 1:19-cv-1174-JAP-JFR

MAGGIE TOULOUSE OLIVER, in her
official capacity as Secretary of State
of New Mexico,

       Defendant.

**MOTION TO DISMISS**
**COUNT III CHALLENGE TO SECRETARY'S RULEMAKING AS ULTRA VIRES**

In their Amended Complaint, Plaintiffs added a third count to their existing, First

Amendment challenges to New Mexico's registration, reporting, and disclosure

requirements in the State's Campaign Reporting Act. In Count III, Plaintiffs contend that

the Secretary of State's 2017 regulations implementing the Campaign Reporting Act are

ultra vires. The allegation in this claim is that the Secretary's rulemaking was an attempt to

implement by regulation laws that had been vetoed by the Governor. Plaintiffs bring this

claim even though in 2019 the New Mexico Legislature enacted a statute containing

registration, reporting, and disclosure requirements very similar to the challenged 2017

regulations, and even though the Secretary has since promulgated new regulations

implementing the 2019 law and replacing the 2017 regulations challenged in Count III.

*Rio Grande Foundation v. Oliver*, Case No. 1:19-cv-1174-JAP-JFR
*Motion to Dismiss Count III Challenge to Secretary's Rulemaking as Ultra Vires*
Page **1** of **11**

The Court lacks jurisdiction to hear this added count and it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). First, Plaintiffs lack standing to challenge the Secretary's 2017 rulemaking. Most simply, the claim is moot because the Secretary has since adopted new rules that undoubtedly have legislative support in nearly-identical legislation passed in 2019. And even if the claim were not moot, vacating the rules as ultra vires would not redress any injury by Plaintiffs, because they would still be subject to the same registration, reporting, and disclosure requirements contained in statute.

Count III also should be dismissed because the Court lacks supplemental jurisdiction to hear it. Plaintiffs' ultra vires challenge to the Secretary's rulemaking is a state law claim for which New Mexico has not waived its Eleventh Amendment immunity. Even if the Court could otherwise exercise supplemental jurisdiction over this claim under 28 U.S.C. § 1367, sovereign immunity bars it from doing so. Lastly, were the Court to determine that it had jurisdiction and Plaintiffs had standing, it still should decline to exercise supplemental jurisdiction over Count III. Any intra-branch dispute between the Governor and the Secretary of State raises fundamental questions of state governmental powers that should be decided in state court.

Pursuant to Local Rule 7.1(a), Defendant consulted with Plaintiffs and they oppose this motion.

*Rio Grande Foundation v. Oliver*, Case No. 1:19-cv-1174-JAP-JFR
*Motion to Dismiss Count III Challenge to Secretary's Rulemaking as Ultra Vires*
Page **2** of **11**

I.       **Plaintiffs Lack Standing to Challenge a Superseded Rulemaking That
         Would Not Alter Their Requirements, Even If Vacated.**

At the outset, it must be determined whether Plaintiffs meet the constitutional standing requirements to bring their claims. *See Gill v. Whitford*, 138 S. Ct. 1916, 1923 (2018) ("a plaintiff seeking relief in federal court must first demonstrate that he has standing to do so, including that he has a personal stake in the outcome" (internal quotation marks and citation omitted)). The burden to establish standing is on the plaintiff. *Wittman v. Personhuballah*, 136 S. Ct. 1732, 1737 (2016). "The irreducible constitutional minimum of standing" requires that the "plaintiff must have (1) suffered an injury in fact, (2) that is fairly tradeable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Renewable Fuels Ass'n v. EPA*, 948 F.3d 1206, 1231 (10th Cir. 2020) (quotation marks and internal citations omitted). "To demonstrate redressability, a party must show that a favorable court judgment is likely to relieve the party's injury." *City of Hugo v. Nichols (Two Cases)*, 656 F.3d 1251, 1264 (10th Cir. 2011). Furthermore, a court has "no subject-matter jurisdiction if a case is moot. The crucial question is whether granting a *present* determination of the issues offered will have some effect in the real world." *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 879–80 (10th Cir. 2019) (internal quotation marks and citations omitted, emphasis in original).

Count III fails this initial standing inquiry because any injury caused by ultra vires rulemaking in 2017 is both not redressable and moot. Count III challenges the Secretary's

*Rio Grande Foundation v. Oliver*, Case No. 1:19-cv-1174-JAP-JFR
*Motion to Dismiss Count III Challenge to Secretary's Rulemaking as Ultra Vires*
Page **3** of **11**

adoption of a rule that has since been superseded by rulemaking. Plaintiffs' Amended Complaint discusses the Secretary's rulemaking in 2017 following the veto of Senate Bill 96 (2017). (First Am. Compl., ECF No. 13, ¶¶ 12–16.) Plaintiffs incorrectly assert that the Secretary has not promulgated rules to implement 2019's legislative revisions to the Campaign Reporting Act, "leaving the 2017 Rule on the books." (*Id.*, ¶ 18.; *see also id.*, ¶ 50 ("She has not issued new regulations in accord with the [2019] Bill and those in the Rule hang in the air unsupported by statutory or constitutional scaffolding.").) In fact, the Secretary promulgated a rule on October 16, 2019, effective on October 29, 2019, amending the reporting and disclosure requirements in 1.10.13 NMAC to conform with Senate Bill 3 (2019). The 2017 rulemaking Plaintiffs challenge is no longer the law, and has been replaced by a rule adopted to implement Senate Bill 3.[1]

> a.   Count III Lacks Redressability Because Plaintiffs Will Be Subject to the Same Requirements Even If the Rules Are Vacated.

First, Plaintiffs' challenge to the 2017 rulemaking does not allege a redressable injury. Even if Plaintiffs were to prevail on Count III and obtain their requested relief vacating the 2017 rules, the Campaign Reporting Act's nearly-identical registration, reporting, and disclosure requirements would remain in place, leaving Plaintiffs' purported injury from those requirements uncured. *Compare* 1.10.13.11 NMAC *with* N.M. Stat. Ann. § 1-19-27.3. Where a plaintiff's claim would still be prohibited by laws other than that challenged, the claim lacks redressability because any injury would persist after a

---

[1] The rulemaking record is available at: https://www.sos.state.nm.us/legislation-and-lobbying/legal-resources/notice-of-proposed-rulemaking-july-16-2019/

*Rio Grande Foundation v. Oliver*, Case No. 1:19-cv-1174-JAP-JFR
*Motion to Dismiss Count III Challenge to Secretary's Rulemaking as Ultra Vires*
Page **4** of **11**

judgment on the claim. That is, "[o]ne law alone does not cause an injury if the other law validly outlaws all the same activity." 13A Wright et al., Fed. Prac. & Proc. Juris. § 3531.5 (3d ed. 2019), at n.42.50; *see also Renne v. Geary*, 501 U.S. 312, 319 (1991) ("reason to doubt" redressability where separate statute prohibits action); *White v. United States*, 601 F.3d 545, 552 (6th Cir. 2010) (injury caused by federal law cannot be redressed where state prohibitions would remain in place); *Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 461–62 (6th Cir. 2007) ("even in the absence of these regulations ... that would not redress plaintiffs' injury because [other] restrictions ... would still preclude plaintiffs").

Plaintiffs suggest that there are some discrepancies between 1.10.13 NMAC and the Campaign Reporting Act, hinting at an independent injury redressable by vacating the rule. ("First Am. Compl., ECF No. 13, ¶ 50 ("the Rule in some instances sets lower thresholds for reporting and disclosure than the Bill").) This appears to refer to since-amended parts of 1.10.13 NMAC, before it was changed to reflect Senate Bill 3 (2019). But even if there are some discrepancies between the statute and the rule, those differences cannot form the basis of an injury, because any conflicting rules are without legal effect. Under the New Mexico Rules Act, "[n]o rule is valid or enforceable if it conflicts with statute. A conflict between a rule and a statute is resolved in favor of the statute." N.M. Stat. Ann. § 14-4-5.7(A). Moreover, Plaintiffs do not allege any intended behavior that would violate the rule but not the statute. Instead, Plaintiffs proclaim an intent to send mailings that they believe would require them to comply with the registration, reporting, and disclosure requirements of the Campaign Reporting Act. (*See* "First Am. Compl., ECF

*Rio Grande Foundation v. Oliver*, Case No. 1:19-cv-1174-JAP-JFR
*Motion to Dismiss Count III Challenge to Secretary's Rulemaking as Ultra Vires*
Page **5** of **11**

No. 13, ¶¶ 26–27, 33-34.) Simply, whether or not Plaintiffs can show that the 2017 rulemaking was ultra vires, they still will be subject to the same campaign disclosure requirements.

      b.      <u>Count III Is Moot Because the 2017 Rulemaking Has Been Superseded By a New Rulemaking Following Senate Bill 3.</u>

Count III also should be dismissed because it is moot. The basis of Plaintiffs' claim is that the Secretary lacked authority under the New Mexico Constitution to promulgate rules contravening the Governor's veto. (*See* "First Am. Compl.," ¶¶ 46–50.) However, the 2017 rule is no longer in effect. Rather, the current version of 1.10.13 NMAC was enacted following the Legislature's passage of Senate Bill 3 (2019), which imposed nearly-identical registration, reporting, and disclosure requirements to those contained in 1.10.13 NMAC. This subsequent history, following the 2017 rulemaking, makes academic any question of whether the 2017 rulemaking was ultra vires. The 2019 rulemaking, which followed a parallel legislative enactment, has none of the infirmities Plaintiffs allege.

Because a holding that the 2017 rulemaking was ultra vires would have no effect in the real world, where the 2019 rulemaking is now in effect, Count III is moot. *Prison Legal News*, 944 F.3d at 879–80. Indeed, as the Tenth Circuit has recognized, the adoption of a new rule renders moot challenges to the rulemaking of an old rule. *Wyoming v. U.S. Dept. of Agr.*, 414 F.3d 1207, 1212 (10th Cir. 2005); *see also Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1113 (10th Cir. 2010) (finding claim moot where "we are not

*Rio Grande Foundation v. Oliver*, Case No. 1:19-cv-1174-JAP-JFR
*Motion to Dismiss Count III Challenge to Secretary's Rulemaking as Ultra Vires*
Page **6** of **11**

situated to issue a *present* determination with real-world effect because [the] regulations no longer are operational").

> **II.** **The Court Lacks Supplemental Jurisdiction Over Count III Because It Asserts a Claim to Which the State Has Eleventh Amendment Immunity.**

Plaintiffs' Amended Complaint does not identify the jurisdictional basis for Count III. (*See* "First Am. Compl., ¶ 10 (identifying only jurisdictional basis for First Amendment claims under 28 U.S.C. §§ 1331 and 1343).) Because Count III raises a state law claim that the Secretary's 2017 rulemaking violated Article III, Section 1 of the New Mexico Constitution, the federal question jurisdiction identified in Plaintiffs' Amended Complaint cannot serve as a basis for this Count. Presumably, Plaintiffs rely on the federal courts' supplemental jurisdiction under 28 U.S.C. § 1367. That statute gives district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within [a court's] original jurisdiction that they form part of the same case or controversy," with listed exceptions.

However, 28 U.S.C. § 1367's provision of supplemental jurisdiction does not extend to claims barred by Eleventh Amendment immunity. *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 542 (2002) ("we hold that § 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants"); *see also Pettigrew v. Oklahoma ex rel. Okla. Dep't of Pub. Safety*, 722 F.3d 1209, 1213 (10th Cir. 2013). As the Supreme Court held in *Pennhurst State School and Hospital v. Halderman*, supplemental jurisdiction "does not permit such an evasion of the immunity guaranteed by the Eleventh Amendment," such

*Rio Grande Foundation v. Oliver*, Case No. 1:19-cv-1174-JAP-JFR
*Motion to Dismiss Count III Challenge to Secretary's Rulemaking as Ultra Vires*
Page **7** of **11**

that a claim alleging that state officials violated state law can be brought in federal court. 465 U.S. 89, 121 (1984); *see also Raygor,* 534 U.S. at 540–42 (recognizing that *Pennhurst*'s holding was not altered by the statutory enactment of supplemental jurisdiction in 28 U.S.C. § 1367). "The supplemental jurisdiction statute does not override the sovereign immunity enjoyed by states under the Eleventh Amendment and related doctrines. Accordingly, absent waiver of immunity, federal courts have no jurisdiction under § 1367 for claims asserted against a state." 13D Wright et al., Fed. Prac. & Proc. Juris. § 3567 (3d ed. 2019), at nn. 54–55.

Count III is such a claim, barred by Eleventh Amendment immunity. "Under the Eleventh Amendment, states are generally immune from suits brought in federal court by their own citizens, by citizens of other states, by foreign sovereigns and by Indian tribes." *Chamber of Commerce of U.S. v. Edmondson,* 594 F.3d 742, 760 (10th Cir. 2010). The three exceptions to Eleventh Amendment immunity are: (1) "a state may consent to suit in federal court"; (2) "Congress may abrogate a State's sovereign immunity … under Section 5 of the Fourteenth Amendment;" and (3) "under *Ex Parte Young,* a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012). As it does not fall under any of these exceptions, "the Eleventh Amendment bars suits brought in federal court seeking to enjoin a state official from violating *state* law." *Johns v. Stewart,* 57 F.3d 1544, 1553 (10th Cir. 1995). "Indeed, the [Supreme] Court has noted 'it is difficult to think of a greater intrusion

*Rio Grande Foundation v. Oliver*, Case No. 1:19-cv-1174-JAP-JFR
*Motion to Dismiss Count III Challenge to Secretary's Rulemaking as Ultra Vires*
Page **8** of **11**

on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Id.* (quoting *Pennhurst*, 465 U.S. at 106).

Plaintiffs ask the Court to do just that and invalidate the Secretary's rulemaking so as to purportedly comply with New Mexico's Constitution. The Eleventh Amendment does not permit such a claim to be brought in federal court. There is no suggestion that New Mexico has waived sovereign immunity for state constitutional claims to be brought in federal court. Nor do Plaintiffs point to any federal law basis for this claim that could support an exception under Section 5 of the Fourteenth Amendment or *Ex Parte Young*. Count III is a state law claim against a State that is squarely prohibited by the Eleventh Amendment.

Nonetheless, if the Court determines that it could otherwise exercise supplemental jurisdiction over Count III, it should decline to do so. 28 U.S.C. § 1367(c) provides that "district courts may decline to exercise supplemental jurisdiction ... if (1) the claim raises a novel or complex issue of State law" or "(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Here, both exceptions are met. Questions of the boundaries of authority between different branches of state government—including here the interpretation of New Mexico's Constitution—are quintessential novel or complex issues of state law that should be left to state courts and "compelling reasons for declining jurisdiction." Indeed, this Court has denied a motion to amend that would add state law claims because "exercising jurisdiction over a separation-of-powers claim based on the New Mexico Constitution violates fundamental principles of federalism and comity."

*Rio Grande Foundation v. Oliver*, Case No. 1:19-cv-1174-JAP-JFR
*Motion to Dismiss Count III Challenge to Secretary's Rulemaking as Ultra Vires*
Page **9** of **11**

*Collins v. Daniels*, No. 1:17-cv-776-RJ, 2017 WL 11441859, at \*22 (D.N.M. Dec. 11, 2017), *aff'd*, 196 F.3d 1302 (10th Cir. 2019). Likewise, the Middle District of Alabama noted that it could "scarcely conceive of more 'novel or complex issues of State law'" than a state law separation-of-powers claim. *Arthur v. Thomas*, 974 F. Supp. 2d 1340, 1357 (M.D. Ala. 2013); *see also Dream Palace v. Cty. of Maricopa*, 384 F.3d 990, 1022 (9th Cir. 2004) (affirming district court's discretion to decline supplemental jurisdiction over state law claims "concerning ... issues of the balance of power between state and local authorities" that "involved delicate issues of state law"); *People ex rel. Lockyer v. Cty. of Santa Cruz*, 416 F. Supp. 2d 797, 801 (N.D. Cal. 2006) (declining jurisdiction under both 28 U.S.C. § 1367(c)(1) and (4) where case involves "internal dispute between two segments of the California state government").

The Court should decline Plaintiffs' invitation to assess whether the Secretary's 2017 rulemaking exceeded her powers under New Mexico's Constitution vis-à-vis the Governor and the Legislature. This question is moot and not an actual controversy. But if it is decided at all, it should be decided by New Mexico's state courts. Therefore, the Secretary of State respectfully requests that the Court dismiss Count III of Plaintiffs' Amended Complaint, either on the basis that Plaintiffs lack standing to bring the Count or on the basis that the Court lacks jurisdiction to hear it.

*Rio Grande Foundation v. Oliver*, Case No. 1:19-cv-1174-JAP-JFR
*Motion to Dismiss Count III Challenge to Secretary's Rulemaking as Ultra Vires*
Page **10** of **11**

By: /s/ Nicholas M. Sydow
        Nicholas M. Sydow
        Civil Appellate Chief
        201 Third Street NW, Suite 300
        Albuquerque, NM  87102
        Tel.: (505) 717-3571
        Fax: (505) 490-4881
        nsydow@nmag.gov

***Attorney for Defendant Secretary of State Maggie Toulouse Oliver***

## CERTIFICATE OF SERVICE

I certify that on February 28, 2020, I served the foregoing on counsel of record for all parties via the CM/ECF system.

        /s/ Nicholas M. Sydow
        Nicholas M. Sydow

*Rio Grande Foundation v. Oliver*, Case No. 1:19-cv-1174-JAP-JFR
*Motion to Dismiss Count III Challenge to Secretary's Rulemaking as Ultra Vires*
Page **11** of **11**