IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RIO GRANDE FOUNDATION and
ILLINOIS OPPORTUNITY
PROJECT,

    Plaintiffs,

v.     No. Civ. 1:19-cv-01174-JCH-JFR

MAGGIE TOULOUSE OLIVER, in her
official capacity as Secretary of State
of New Mexico,

    Defendant.

## ORDER

On December 13, 2019, Plaintiffs Rio Grande Foundation and Illinois Opportunity Project ("Plaintiffs") filed a complaint in this case. They subsequently amended the complaint to assert that 1.10.13 NMAC (10/10/2017) ("the Rule"), which "expanded the definition of 'independent expenditure' to include any advertisement which 'refers to a clearly identified candidate or ballot measure and is published and disseminated to the relevant electorate in New Mexico within 30 days before the primary election or 60 days before the general election in which the candidate or ballot measure is on the ballot," violates Plaintiffs' rights to free speech about issues and their rights to privacy guaranteed by the First and Fourteenth Amendments. *See* First Am. Compl. ¶¶ 14-15, 38, ECF No. 13. Plaintiffs additionally allege that 2019 Senate Bill 3 ("SB 3"), which requires the disclosure of the identities of certain of its members when Plaintiffs engage in issue advocacy in New Mexico 30 days before a primary election and 60 days before a general election, violates Plaintiffs' rights to free speech about issues and their rights to privacy guaranteed by the First and Fourteenth Amendments. *See id.* ¶¶ 17-21, 38. Plaintiffs further contend that the Rule

and SB 3 violate their rights to anonymity in free speech about issues "by requiring Plaintiffs to first register with Oliver before engaging in issue speech and to put a disclaimer announcing their sponsorship on all of their issue-advocacy." *Id.* ¶ 42.

According to the amended complaint, Rio Grande Foundation "wishes to share its legislator scorecard with thousands of New Mexico voters in advance of the November 2020 election." *Id.* ¶ 26. "In particular, it plans to make paid communications by mail to thousands of voters within 60 days of the 2020 general election." *Id.* Illinois Opportunity Project "wishes to communicate its views on the nature of accountable, democratic government to thousands of New Mexico voters in advance of the November 3, 2020 general election" by making "paid communications by mail to thousands of voters within 60 days of the 2020 general election" with information about a ballot referendum to make the Public Regulation Commission an appointed, rather than elected, body. *Id.* ¶¶ 24, 27. Plaintiffs seek a declaration that (1) "the independent expenditure provisions of 2019 Senate Bill 3 and 1.10.13 NMAC as applied to issue advocacy such as Plaintiffs' compel member and supporter disclosure in violation [of] the right to freedom of speech and association under the First and Fourteenth Amendments;" and (2) "the independent expenditure provisions of 2019 Senate Bill 3 and 1.10.13 NMAC as applied to issue advocacy such as Plaintiffs' compel sponsor registration and disclaimer in violation of the right to anonymous speech under the First and Fourteenth Amendments." *Id.* ¶¶ a & b. They seek to enjoin the application of the Rule and SB 3 to organizations, like Plaintiffs, engaged in issue advocacy. *Id.* ¶ c.

On May 15, 2020, Defendant filed an unopposed motion to amend the case management order to accommodate delays and disruptions caused by the COVID-19 public health emergency. Def.'s Mot. 1, ECF No. 24. In the motion, Defendant stated:

> The Court already has informed the parties at a status conference, and the Case Management Order contemplates, that there will not be a merits ruling before the 2020 general election. *Plaintiffs intend to file a motion for preliminary injunction before the election instead*, which will not be affected by the requested amendments to the Case Management Order. In fact, vacating the existing pretrial deadlines will better allow the parties to focus their limited resources on the preliminary injunction motion.

*Id.* at 2 (emphasis added). The Court granted the motion and extended deadlines for discovery. Order, ECF No. 25.

Two and a half months later, the parties filed a Joint Motion to Amend Case Management Order to Stay or Postpone Discovery Deadlines (ECF No. 27), asking to extend discovery deadlines "until after the ruling on Plaintiffs' anticipated motion for preliminary injunction." Joint Mot. 1, ECF No. 27. The parties stated their desire "to postpone this discovery until after the resolution of Plaintiffs' anticipated motion or preliminary injunction." *Id.* at 2. The parties explained: "Plaintiffs intend to file a motion for preliminary injunction before the election instead, which will not be affected by the requested amendments to the Case Management Order. In fact, vacating the existing pretrial deadlines will better allow the parties to focus their limited resources on the preliminary injunction motion." *Id.* The Court granted the motion to stay discovery. Order, ECF No. 28.

The November 3, 2020 election is less than three months away, and the 60-day period prior to the election that is the subject time period of SB 3 and the Rule is less than one month away. Plaintiffs have yet to file the preliminary injunction motion or indicate whether an evidentiary hearing will be necessary for the Court to rule on any such motion. The parties have, however, repeatedly suggested they would like a ruling on their anticipated motion for preliminary injunction prior to the election.

3

This Court has an extremely busy criminal docket, which under usual times, makes the scheduling of civil hearings and the resolution of civil matters on a short time frame more difficult than in some other districts. The COVID-19 health pandemic has added challenges to the Court's congested docket. Although the Court has been willing to accommodate the parties in delaying discovery matters, the Court is concerned that continued delays in filing the anticipated motion for preliminary injunction will lead to difficulties in resolving that motion before the election.

**IT IS THEREFORE ORDERED** that

1. If Plaintiffs intend to file a motion for preliminary injunction, such motion is **DUE ON OR BEFORE AUGUST 24, 2020**. Any response thereto is **DUE FOURTEEN (14) DAYS** after the filing of the motion. Any reply is **DUE FOURTEEN (14) DAYS** after the filing of any response.

2. If filed, the parties must state in their respective motion and response their positions on whether an evidentiary hearing will be needed.

3. If the parties have reason why they cannot comply with this schedule, they must file notice with the Court **ON OR BEFORE TUESDAY, AUGUST 11, 2020,** explaining their reasons for why continued delays in filing the motion and briefs are needed, their proposed preferred schedule, and why any proposed new schedule will allow for resolution of the motion in time for any effective relief requested by Plaintiffs.

_____
SENIOR UNITED STATES DISTRICT JUDGE